UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

ANTHONY C. LEWIS,

    PETITIONER,

v.        ACTION NO. 2:13cv25

HAROLD W. CLARKE,
Director, Virginia Department of Corrections,

    RESPONDENT.

## REPORT AND RECOMMENDATION

Before the Court is petitioner Anthony Lewis' petition for a writ of *habeas corpus* filed pursuant to 28 U.S.C. § 2254 ("petition"), ECF No. 1, and the Respondent's motion to dismiss, ECF No. 8. The motion to dismiss was referred for a recommended disposition to the undersigned United States Magistrate Judge ("undersigned") pursuant to 28 U.S.C. §§ 636(b)(1)(B)-(C), Federal Rule of Civil Procedure 72(b), Local Civil Rule 72, and the April 2, 2002 Standing Order on Assignment of Certain Matters to United States Magistrate Judges. After reviewing the briefs, the undersigned disposes of the motion to dismiss on the papers without a hearing pursuant to Federal Rule of Civil Procedure 78(b) and Local Civil Rule 7(J). For the following reasons, the undersigned finds Lewis' claims are untimely, and therefore, **RECOMMENDS** that the Respondent's motion to dismiss, ECF No. 8, be **GRANTED** and Lewis' petition, ECF No. 1, be **DENIED** and **DISMISSED WITH PREJUDICE**.

### I. BACKGROUND

On March 11, 2009, after a bench trial in the Portsmouth Circuit Court, Lewis was

convicted of possession with intent to distribute a controlled substance, third offense. On May 6, 2009, Lewis was sentenced to twenty-five years of imprisonment, with ten years suspended, for a fifteen year term of active incarceration. ECF No. 10, attach. 1. Lewis' petition for direct appeal to the Court of Appeals of Virginia was denied on December 30, 2009. Lewis never appealed this decision to the Supreme Court of Virginia, and thus his conviction and sentence became final on January 29, 2010. *See* Va. Sup. Ct. R. 5:14(a) ("No appeal from judgment of the Court of Appeals . . . shall be allowed unless, within 30 days after entry of final judgment . . . a notice of appeal is filed with the clerk of the Court of Appeals.").

On December 28, 2010, Lewis filed a petition for a writ of habeas corpus in Portsmouth Circuit Court, which was amended on January 25, 2011 to include two claims of ineffective assistance of counsel in violation of the Sixth Amendment. ECF No. 10, attach. 2. On January 31, 2012, the Portsmouth Circuit Court denied the petition and dismissed the case. *Id.*, attach. 3. Lewis ultimately appealed this dismissal to the Supreme Court of Virginia, which refused and dismissed his petition on November 14, 2012.

Lewis filed the instant federal petition for a writ of habeas corpus on January 2, 2013,[1] ECF No. 1, in which he advances the following grounds:

1. Defense counsel failed to discover and to thoroughly investigate any and all evidence (exculpatory and/or inculpatory in nature) for or against the petitioner befor[e] and during trial and to discover, investigate, develop[] and present as evidence all available mitigating factors during the sentencing phase.
2. Defense counsel failed to effectively cross examine states [sic] witnesses regarding the chain of custody of the evidence solicited by a confidential informant.
3. Trial court erred in den[ying] petitioner['s] claim that he received ineffective assistance of counsel 6th and 14th amendment.

---

[1] The undersigned uses as the date of filing the date the petitioner certified that he placed the petition for a writ of habeas corpus in the prison mailing system. *See Houston v. Lack*, 487 U.S. 266, 271-72 (1988).

2

    4. All claims raised on first direct appeal and petition for writ of habeas corpus.

ECF No. 1. The Virginia Attorney General, on behalf of the Respondent, filed a motion to dismiss the petition, a Rule 5 Answer, a brief in support of the motion to dismiss, and a *Roseboro* notice on November 1, 2013. ECF Nos. 8-11. Lewis filed a response in opposition to the Respondent's motion to dismiss on November 27, 2013. ECF No. 12. The Respondent did not file a reply brief and the time to do so has expired. Therefore, the motion to dismiss is ripe for recommended disposition.

## II. PROCEDURAL ISSUES

### A. Exhaustion

28 U.S.C. § 2254 petitions challenge a state's custody of a prisoner "on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). "In the interest of giving the state courts the first opportunity to consider alleged constitutional errors occurring in a state prisoner's trial and sentencing, a state prisoner must exhaust all available state remedies before he can apply for federal *habeas* relief." *Breard v. Pruett*, 134 F.3d 615, 618 (4th Cir. 1998) (citing 28 U.S.C. § 2254(b); *Matthews v. Evatt*, 105 F.3d 907, 910-11 (4th Cir. 1997)). "To exhaust state remedies, a *habeas* petitioner must fairly present the substance of his claim to the state's highest court." *Id.* (citing *Matthews*, 105 F.3d at 911). In Virginia, that court is the Supreme Court of Virginia. "The burden of proving that a claim is exhausted lies with the *habeas* petitioner." *Id.* (citing *Mallory v. Smith*, 27 F.3d 991, 994 (4th Cir. 1994)). It appears Lewis exhausted the present claims when he presented them to the Supreme Court of Virginia on collateral review after he appealed the Portsmouth Circuit Court's dismissal of his state habeas petition. The Respondent does not dispute that Lewis'

claims are exhausted, but instead argues that Lewis' petition is time-barred.

## B. Statute of Limitations

Under the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), section 2254 petitions are subject to a one-year statute of limitations. 28 U.S.C. § 2244(d)(1). Generally, this period begins to run from the "the date on which the judgment became final by the conclusion of direct review." 28 U.S.C. § 2244(d)(1)(A). However, in calculating the limitations period, the Court excludes, or tolls, the time during "which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending . . . ." 28 U.S.C. § 2244(d)(2). "Courts have strictly construed AEDPA's one-year limitations period. Even petitions filed only a single day late must be dismissed under the statute." *Jefferson v. Biter*, No. 12-01934, 2012 WL 7811195, at *4 (C.D. Cal. Nov. 16, 2012) (quoting *United States v. Locke*, 471 U.S. 84, 101 (1985) ("[R]egardless of where the cutoff line is set, some individuals will always fall just on the other side of it. Filing deadlines, like statutes of limitations, necessarily operate harshly and arbitrarily with respect to individuals who fall just on the other side of them, but if the concept of a filing deadline is to have any content, the deadline must be enforced . . . . A filing deadline cannot be complied with, substantially or otherwise, by filing late—even by one day.")) (additional citation omitted).

Here, Lewis' judgment of conviction and sentence became final on January 29, 2010 when Lewis' time to appeal his denial from the Court of Appeals of Virginia to the Supreme Court of Virginia expired. *See* Va. Sup. Ct. R. 5:14(a). Accordingly, under 28 U.S.C. § 2244(d)(1), Lewis had until January 31, 2011 to file a federal habeas petition in this Court, absent any statutory tolling. However, thirty-four days before the federal statute of limitations

period would have expired, on December 28, 2010, Lewis filed his state habeas petition in Portsmouth Circuit Court, which tolled, or paused, the running of the statute of limitations in this Court, while that habeas petition was pending in state court. 28 U.S.C. § 2244(d)(1)(A). On November 14, 2012, Lewis' state habeas petition was no longer pending because the Supreme Court of Virginia refused his petition for appeal and dismissed the case.[2] Thus, the federal statute of limitations under 28 U.S.C. § 2244(d)(1) was no longer tolled, and Lewis had thirty-four days, or until December 19, 2012, to file his federal habeas petition in this Court.

Lewis filed his federal habeas petition on January 2, 2013 by placing it in the prison mailing system. *See* ECF No. 1 at 16 ("I declare . . . under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on January 2, 2013."); *see also Houston v. Lack*, 487 U.S. 266, 276 (1988) (holding a *pro se* prisoner's appeal "was filed at the time petitioner delivered it to the prison authorities for forwarding to the court clerk."). Lewis filed his petition fourteen days after the statute of limitations period expired. Therefore, because the statute of limitations under 28 U.S.C. § 2244(d)(1) is strictly construed, the undersigned would find this Court is barred from reviewing his habeas petition, as it was untimely filed. *Locke*, 471 U.S. at 101; *see also Sauls v. Mathena*, No. 2:12cv279, 2013 WL 5423817, at *5 (E.D. Va. Sept. 25, 2013) ("[The] Petition is statutorily time-barred though it was filed only two days after the limitation period ran.").

---

[2] Lewis is not entitled to statutory tolling for the period available to file a petition for a writ of certiorari to the United States Supreme Court following state collateral review, *see* Sup. Ct. R. 13(1), even if the petition for certiorari is actually filed. This is in contrast to the period between state court finality on direct appeal and the time available to file a petition for certiorari in the United States Supreme Court, in which case the federal habeas limitations period has not yet started because direct review is not complete. *See Lawrence v. Florida*, 549 U.S. 327, 333-34 (2007) ("However, § 2244(d)(2) makes no reference to the 'time for seeking' review of a state postconviction court's judgment. Instead, it seeks to know when an application for 'State . . . review' is pending. The linguistic difference is not insignificant: When the state courts have issued a final judgment on a state application, it is no longer pending even if a prisoner has additional time for seeking review of that judgment through a petition for certiorari.").

The undersigned would also decline to equitably toll the limitations period. *See Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003) ("[The Fourth Circuit] ha[s] held that the AEDPA statute of limitations is subject to equitable tolling.") (citing *Harris v. Commonwealth*, 209 F.3d 325, 330 (4th Cir. 2000)). Even if the Court broadly construes Lewis' opposition to the Respondent's motion to dismiss as requesting that the Court equitably toll the statute of limitations period, he is not entitled to this equitable remedy that is used only in rare circumstances. Specifically, to be entitled to equitable tolling of the statute of limitations period, Lewis must demonstrate (1) that he pursued his rights diligently, and (2) that some extraordinary circumstance stood in his way that prevented timely filing. *Holland v. Florida*, 130 S. Ct. 2549 (2010). The Fourth Circuit has cautioned that the application of equitable tolling "be guarded and infrequent," and "reserved for those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000). Moreover, "[p]rinciples of equitable tolling do not extend to garden variety claims of excusable neglect." *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003) (citing *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990)). Equitable tolling "is appropriate when, but only when, 'extraordinary circumstances beyond [the Petitioner's] control prevented him from complying with the statutory time limit.'" *Spencer v. Sutton*, 239 F.3d 626, 630 (4th Cir. 2001) (quoting *Harris*, 209 F.3d at 330) (alteration in original). "Accordingly, under [the Fourth Circuit's] 'extraordinary circumstances' test, [the Petitioner] is only entitled to equitable tolling if he presents (1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time." *Rouse*, 339 F.3d at 246. Lewis fails to satisfy this high burden. *Miranda v. Castro*, 292 F.3d

1063, 1066 (9th Cir. 2002) ("[T]he threshold necessary to trigger equitable tolling is very high, lest the exceptions swallow the rule.") (citations omitted).

The Court liberally construes Lewis' opposition brief as containing two arguments as to why the Court should deem his petition timely filed under a theory of equitable tolling, neither of which satisfies the Fourth Circuit's extraordinary circumstances test discussed above. First, Lewis spends the majority of his brief discussing his court-appointed representation during his direct appeal to the Court of Appeals of Virginia. *See* ECF No. 12 at 1-3. On direct appeal of his conviction and sentence to the Court of Appeals of Virginia, Lewis was represented by a court-appointed appellate public defender, who timely noted his appeal in the Portsmouth Circuit Court, and timely filed a petition for appeal in the Court of Appeals of Virginia. However, Lewis' appointed counsel filed the petition for direct appeal pursuant to *Anders v. California*, 386 U.S. 738 (1967), and simultaneously asked the Court of Appeals for permission to withdraw as Lewis' counsel after determining that Lewis' claims on appeal were wholly frivolous. Lewis now argues that his untimely federal habeas petition was caused "at the Virginia Court of Appeals level, when [that court] allowed defense counsel to withdraw during the appellant process of the case." ECF No. 12 at 3. This argument is unpersuasive.

> [Court appointed appellate counsel's] role as advocate requires that he support his client's appeal to the best of his ability. Of course, if counsel finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw. That request must, however, be accompanied by a brief referring to anything in the record that might arguably support the appeal. A copy of counsel's brief should be furnished the indigent and time allowed him to raise any points that he chooses; the court—not counsel—then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous. If it so finds it may grant counsel's request to withdraw and dismiss the appeal insofar as federal requirements are concerned, or proceed to a decision on the merits, if state law so requires. On the other hand, if it finds any of the legal points arguable on their merits (and therefore not

> frivolous) it must, prior to decision, afford the indigent the assistance of counsel to argue the appeal.

*Anders v. California*, 386 U.S. 738, 744 (1967). Upon a review of a the state court records furnished to this Court by the Court of Appeals of Virginia, Lewis' court-appointed appellate counsel acted properly within the confines of *Anders*. First, Lewis' counsel filed a sixteen-page brief supporting his petition for appeal, in addition to a request to withdraw. The Court of Appeals then gave Lewis twenty-one days to file a supplemental petition for appeal on his own behalf, which he did. Subsequently, in reviewing all of the pleadings, the Court of Appeals found Lewis' direct appeal to be wholly frivolous, and denied the petition for appeal. *See Lewis v. Commonwealth*, No. 1041-09-1 (Va. Ct. App. Dec. 30, 2009) (unpublished).

To the extent Lewis argues that an impediment was created by the state government in violation of his federal rights by not affording him with replacement appellate counsel, and that the statute of limitations period to file his federal habeas petition does not begin until this impediment was removed, *see* 28 U.S.C. § 2244(d)(1)(B), this argument fails. This provision only applies when the petitioner has been impeded from filing the federal habeas petition. *See, e.g., Shannon v. Newland*, 410 F.3d 1083, 1087-88 (9th Cir. 2005). Lewis argues that "[o]nce the Court of Appeals of Virginia granted defense counsel's motion to withdraw . . . [it] was obligated to appoint another counsel to represent petition on its appeal to the Supreme Court of Virginia as of right, but when the Court of Appeals failed to do so, it forfeited petitioner['s] right to perfect an appeal." ECF No. 12 at 3. This is simply not correct. *See Anders v. California*, 386 U.S. 738, 744 (1967). "[A]fter a full examination of all the proceedings," the Court of Appeals determined Lewis' petition for appeal was "wholly frivolous," and thus granted his appellate counsel's motion to withdraw, and denied the petition for appeal. *Id.* This

determination did not violate Lewis' right to counsel under the Sixth Amendment, it did not impede him from noticing an appeal of that decision to the Supreme Court of Virginia, nor did it impede him from timely filing a federal habeas in this Court. After Lewis' conviction and sentence became final on January 29, 2010, *see* Va. Sup. Ct. R. 5:9, Lewis had one year to file a federal habeas in this Court. Yet, he waited close to eleven months before he filed the state habeas petition, tolling the statute of limitations in this Court. Accordingly, the undersigned would find that Lewis was not impeded by the state court action in his direct appeal, and that he did not diligently pursue his claims to entitle himself to equitable tolling.

Second, Lewis argues that he "is a pro-se litigant with no legal training in the field of law, and needed the guiding hands of a competent attorney to help him pursue his claims in the Supreme Court of Virginia in a proper manner." ECF No. 12 at 4. However, Lewis still fails to allege the requisite specific facts that would show he acted diligently in pursuing his claim. *See, e.g., Yang v. Archuleta*, 525 F.3d 925, 930 (10th Cir. 2008) (finding petitioner's "conclusory statement that he 'diligently pursued his rights and remedies' will not suffice"). To the extent Lewis argues that his status as a pro se petitioner justifies equitable tolling, this argument also fails and does not warrant equitable tolling. *See Shoemate v. Norris*, 390 F.3d 595, 598 (8th Cir. 2004) (finding ignorance of the law and lack of legal experience typically does not excuse an untimely filing, even for a pro se incarcerated petitioner).

In conclusion, Lewis fails to sufficiently argue why this Court should grant him the extraordinary remedy of equitable tolling of the statute of limitations period. *Cf. Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999) ("[Equitable tolling is unavailable in most cases . . . .") (citation omitted). He provides no factual support to show that he acted with due diligence, or

that there were extraordinary circumstances beyond his control and external to his own conduct the prevented him from filing this petition on time. *Rouse*, 339 F.3d at 246. Under *Holland v. Florida*, Lewis must demonstrate the existence of a "causal connection" between an extraordinary circumstance and the inability to file a timely petition. 130 S. Ct. 2549. Lewis has wholly failed to make such a showing. Accordingly, the undersigned would find that he has not diligently pursued his claim, nor are there any extraordinary circumstances before the Court that would entitle him to equitable tolling. Therefore, the Court would recommend that Lewis' petition be dismissed as time-barred.

### III. RECOMMENDATION

For these reasons, the undersigned would find that Lewis' claims time-barred and, therefore, **RECOMMENDS** the Respondent's motion to dismiss, ECF No. 8, be **GRANTED** and Lewis' petition, ECF No. 1, be **DENIED** and **DISMISSED WITH PREJUDICE**.

### IV. REVIEW PROCEDURE

By receiving a copy of this Report and Recommendation, the parties are notified that:

1. Any party may serve on the other party and file with the Clerk of the Court specific written objections to the above findings and recommendations within fourteen days from the date this Report and Recommendation is mailed to the objecting party, *see* 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b), computed pursuant to Federal Rule of Civil Procedure Rule 6(a). A party may respond to another party's specific written objections within fourteen days after being served with a copy thereof. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).

2. A United States District Judge shall make a *de novo* determination of those portions of this Report and Recommendation or specified findings or recommendations to which objection is made. The parties are further notified that failure to file timely specific written objections to the

above findings and recommendations will result in a waiver of the right to appeal from a judgment of this Court based on such findings and recommendations. *Thomas v. Arn*, 474 U.S. 140 (1985); *Carr v. Hutto*, 737 F.2d 433 (4th Cir. 1984); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

The Clerk is **DIRECTED** to forward a copy of this Report and Recommendation to the Petitioner and counsel of record for the Respondent.

/s/
Lawrence R. Leonard
United States Magistrate Judge

Lawrence R. Leonard
United States Magistrate Judge

Norfolk, Virginia
March 6, 2014

## CLERK'S MAILING CERTIFICATE

A copy of this Report and Recommendation was mailed on this date to the following:

Mr. Anthony C. Lewis, #1052332
Lunenburg Correctional Center
P.O. Box 1424
Victoria, Virginia 23974
*Pro Se* Petitioner

Mr. Benjamin H. Katz
Office of the Attorney General
900 East Main Street
Richmond, Virginia 23219
Counsel for Respondent

Fernando Galindo
Clerk of the Court

By:
Deputy Clerk
March 6, 2014